# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JEAN MARKHAM STALLARD** | **CIVIL ACTION** |
| **VS.** | **NO. 21-677** |
| **JOHN JAMES KELLY, III et al.** | **SECTION "G"(3)** |

## ORDER

In this litigation, Plaintiff Jean Markham Stallard ("Plaintiff") alleges that she assisted in the creation of an "oxygen concentrator" to alleviate symptoms of epilepsy on long flights.[1] Before the Court is Defendants John James Kelly, III, John James Kelly, Jr., Kelly Family Trusts, and Model Software Corp.'s (collectively, "Defendants") "Motion for Determination of Subject Matter Jurisdiction."[2] In the motion, Defendants assert that Plaintiff's recent discovery responses suggest that this Court may lack subject matter jurisdiction.[3] Plaintiff opposes the motion.[4] Considering the motion, the memoranda in support and opposition, the record, and the applicable law, the Court finds that it lacks subject matter jurisdiction over Plaintiff's claims.

## I. Background

### A.    *Factual Background*

Plaintiff alleges that she suffers from grand and petit mal seizures due to brain damage she

---

[1] Rec. Doc. 1-1 at 3–5.

[2] Rec. Doc. 32.

[3] *Id.* at 1–2.

[4] Rec. Doc. 36.

sustained in an assault in 1988.[5] Plaintiff states that, several years later, she "became romantically involved" with Defendant John Kelly, III ("Kelly III").[6] According to Plaintiff, over the years, Kelly III and his family witnessed her have grand mal seizures.[7]

Plaintiff states that her seizure disorder caused her to experience seizures on long flights.[8] Plaintiff asserts that she discussed these episodes with Kelly III and told him she believed the episodes were caused by lower air circulation during long flights.[9] Plaintiff avers that Kelly III then "took scientific measurements of ambient air concentration while Plaintiff was on airplanes and in other locations" to test Plaintiff's theory.[10] Plaintiff alleges that she consulted with her neurologist, who suggested that she try an oxygen concentrator during long flights.[11] Plaintiff avers that Kelly III accompanied her to a provider in Metairie, Louisiana to obtain an oxygen concentrator.[12] Plaintiff alleges that the oxygen concentrator alleviated her symptoms on long flights.[13] According to Plaintiff, she and Kelly III "discussed filing a patent regarding her use of oxygen concentrators on flights."[14]

---

[5] Rec. Doc. 1-1 at 3.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.* at 3–4.

[12] *Id.* at 4.

[13] *Id.*

[14] *Id.*

Plaintiff and Kelly III married on June 14, 2003.[15] In 2011, Plaintiff alleges that, in consideration for her intellectual property and personal medical information, she and Kelly III agreed that Plaintiff "would receive one-half of any patent that Kelly III filed and any resulting revenues."[16] Kelly III filed for divorce on March 8, 2016.[17] Plaintiff asserts that Kelly III filed applications for United States and international patents for the use of oxygen concentrators on flights.[18] "On February 21, 2017, Plaintiff and Kelly III were issued a decree of divorce."[19] Plaintiff asserts that Kelly III was issued the patent on January 14, 2020 and that Kelly III assigned his rights to the patent to Defendant Model Software Corp. ("MSC").[20] Plaintiff avers that the patent references her intellectual property and medical information.[21] Plaintiff alleges that Defendant John Kelly, Jr. ("Kelly Jr.") was the principal investor and shareholder of MSC, as well as MSC's Director.[22] Plaintiff asserts that Kelly Jr. paid the legal fees for filing the patent, and "received . . . and continues to receive the benefit of Kelly III's conversion" of Plaintiff's intellectual property.[23] Plaintiff asserts state law claims for breach of contract, conversion, unjust enrichment, and invasion of privacy against Defendants.[24] Plaintiff also seeks a declaratory

---

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] *Id.*

[20] *Id.*

[21] *Id.* at 5.

[22] *Id.*

[23] *Id.*

[24] *Id.* at 1.

judgment as to the ownership of the intellectual property.[25]

## B.     *Procedural Background*

Plaintiff filed a Petition in the Civil District Court for the Parish of Orleans.[26] Defendants removed the case to this Court on April 1, 2021.[27] In the Notice of Removal, Defendants asserted that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.[28] Specifically, Defendants asserted this Court has exclusive jurisdiction "over any claim for relief *arising under* any Act of Congress relating to patents" under 28 U.S.C. § 1338.[29] Defendants contended that when a plaintiff pleads state law claims, those claims "arise under the original jurisdiction of federal courts if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."[30] Defendants argued that Plaintiff's Petition raised a substantial question of patent law because it requested a declaratory judgment as to the ownership of the intellectual property protected by Defendants' patent.[31] Plaintiff never filed a motion to remand.

Defendants filed the instant motion on February 21, 2022.[32] In the motion, Defendants assert that Plaintiff's Petition and recent discovery responses create "ambiguity" about the source of Plaintiff's rights in the patent "and thus the existence of subject matter jurisdiction under 28

---

[25] *Id.*

[26] Rec. Doc. 1-1.

[27] Rec. Doc. 1.

[28] *Id.* at 2–4.

[29] *Id.* at 3 (emphasis added).

[30] *Id.* (quotation marks omitted) (quoting *Gunn v. Minton*, 568 U.S. 251, 264 (2013)).

[31] *Id.* at 3–4.

[32] Rec. Doc. 32.

U.S.C. § 1331."[33] In order to resolve the subject matter jurisdiction issue promptly, the Court ordered expedited briefing.[34] Plaintiff filed her opposition on February 25, 2022.[35] Defendants filed a reply the same day.[36]

## II. Parties' Arguments

### A.   *Defendants' Arguments in Support of the Motion*

In the motion, Defendants assert that "Plaintiff's recent discovery responses indicate that this Court may not have subject matter jurisdiction over this action."[37] Defendants explain that their prior counsel removed this matter from state court.[38] In December 2021, Defendants' prior counsel withdrew and current counsel enrolled.[39] Defendants' current counsel then "determined that additional information was needed to fully address whether the Court has subject matter jurisdiction over this matter."[40] Defendants assert they propounded additional discovery to Plaintiff "to determine the ultimate source of the rights Plaintiff claims in the patent."[41] According to Defendants, Plaintiff's response to Interrogatory No. 17 indicate that Plaintiff is not claiming to be an inventor of the patent and that her rights in the patent derive from a contract between Plaintiff

---

[33] *Id.* at 2.

[34] Rec. Doc. 35.

[35]  Rec. Doc. 36.

[36] *See* Rec. Docs. 37, 38, 39.

[37] Rec. Doc. 32-1 at 1.

[38] *Id.* at 2.

[39] *See* Rec. Docs. 27, 29.

[40] Rec. Doc. 32-1 at 2.

[41] *Id.*

and Kelly III.[42]

Defendants argue that, if Plaintiff's rights derive from a contract rather than an inventorship interest in the patent, then "there is no 'jurisdictional hook for removal,' and remand would be necessary."[43] Defendants' Interrogatory No. 17 asks Plaintiff to: "Identify the source of any rights You claim in the Patent, including but not limited to whether You are claiming to be an 'inventor' for purposes of 35 U.S.C. § 100(f) and 35 U.S.C. § 256."[44] Defendants assert that Plaintiff's initial response indicated that the source of her rights in the patent arose from her "Agreement with Kelly III" and that her supplemental response read:

> Plaintiff is not seeking to be named, nor has she claimed status as inventor of the Patent at issue herein, rather, she seeks recognition and acknowledgement of her ½ interest in the Patent, and related International Patent at issue in this matter. She seeks more than simply ½ of any profits therefrom, rather, she seeks all rights and compensation associated with ownership.[45]

Defendants argue that a case arises under patent law when either (1) federal patent law creates the cause of action or (2) the plaintiff's rights depends on resolution of a substantial question of patent law.[46]

Defendants contend that neither requirement is met in light of Plaintiff's responses to Interrogatory No. 17.[47] First, Defendants argue that federal patent law does not create Plaintiff's causes of action because the Petition asserts state law claims for breach of contract, conversion,

---

[42] *Id.* at 4.

[43] *Id.* at 4–5.

[44] *Id.* at 5. *See also* Rec. Doc. 32-2 at 11.

[45] Rec. Doc. 32-1 at 5–6. *See also* Rec. Docs. 32-3 at 8; 32-5 at 1.

[46] Rec. Doc. 32-1 at 6 (citing *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002)).

[47] *Id.*

unjust enrichment, and invasion of privacy.[48] Although the Petition also seeks a declaratory judgment that Plaintiff is 50% owner of the patent, Defendants aver that "Plaintiff has expressly stated that she 'is not seeking to be named, nor has she claimed status as inventor of the Patent.'"[49] Second, Defendants argue that Plaintiff's alleged rights do not necessarily rely on a substantial question of federal patent law.[50] Defendants assert that "[t]he only claim in this case that potentially implicates a substantial question of federal patent law is Plaintiff's declaratory claim."[51] However, Defendants contend that Plaintiff "disavow[s] any claim of inventorship."[52] Additionally, Defendants argue that Plaintiff's alternate theory of ownership arising from the alleged contract with Kelly III "calls into question whether Plaintiff's declaratory judgment claim necessarily depends on the resolution of a substantial question of federal patent law."[53] Therefore, Defendants ask the Court to determine whether subject matter jurisdiction exists over this action.[54]

## B.   *Plaintiff's Arguments in Opposition to the Motion*

In opposition, Plaintiff asserts that she "did not, does not[,] and never sought to claim inventor status of the patent."[55] Plaintiff avers that the Petition "in no way referenced any issue that might conceivably arise under . . . federal law."[56] Plaintiff contends that her discovery

---

[48] *Id.*

[49] *Id.* at 6–7.

[50] *Id.* at 7.

[51] *Id.*

[52] *Id.*

[53] *Id.* at 8.

[54] *Id.*

[55] Rec. Doc. 36 at 2.

[56] *Id.*

responses confirm that she was not raising an issue of patent law.[57] Plaintiff explains that she did not seek remand "because she is equally comfortable in this forum."[58]

Nevertheless, Plaintiff asserts that "while this Court may never have had federal question jurisdiction," it has diversity jurisdiction.[59] Plaintiff asserts that the parties are completely diverse and the amount in controversy exceeds $75,000.[60] Specifically, Plaintiff alleges that Defendants invested "$181,725.02" in the patent.[61] Because she seeks "50% ownership of the patent," Plaintiff contends that the amount in controversy is half of that investment, or a total of "$90,862.51."[62] Alternatively, Plaintiff argues that this Court has pendent jurisdiction under 28 U.S.C. § 1367(c).[63] Plaintiff asserts that "the relevant factors of judicial economy, convenience, fairness, and comity," weigh in favor of exercising pendent jurisdiction.[64] Plaintiff avers that this case has been ongoing for more than a year, that the parties have engaged in discovery, and "important deadlines are rapidly approaching."[65]

---

[57] *Id.*

[58] *Id.*

[59] *Id.* at 3.

[60] *Id.*

[61] *Id.* at 2.

[62] *Id.*

[63] *Id.* at 5.

[64] *Id.*

[65] *Id.*

Finally, Plaintiff seeks attorney's fees for improper removal.[66] Plaintiff contends that "Defendants were aware all along that Plaintiff did not claim inventor status."[67] Plaintiff asserts that Defendants' claim that her discovery responses created any ambiguity is "cover for Defendants' change of heart in its choice of venue."[68] Plaintiff argues that Defendants' removal was a "waste of time and resources [that] necessitates an award of attorney['s] fees."[69]

## C.   *Defendants Arguments in Further Support of the Motion*

In reply, Defendants assert that the "Notice of Removal expressly cited the existence of an inventorship claim as the basis for removal."[70] Defendants aver that Plaintiff did not move to remand "to correct that apparent misperception."[71]

Regarding Plaintiff's assertion of diversity jurisdiction, Defendants argue that Plaintiff cannot satisfy the amount in controversy requirement by pointing to the amount of the investment in the patent.[72] Defendants contend that "Plaintiff does not seek to recover any portion" of the investment in the patent, and that Plaintiff cannot convert the investment cost of the patent into the value of the patent.[73] Instead, Defendants argue that caselaw demonstrates the value of the patent itself controls.[74] Defendants assert that the patent has not generated any revenue, and its future

---

[66] *Id.* at 4.

[67] *Id.* at 5.

[68] *Id.*

[69] *Id.*

[70] Rec. Doc. 39 at 2.

[71] *Id.*

[72] *Id.*

[73] *Id.*

[74] *Id.* (citing *Burch v. JPMorgan Chase Bank, N.A.*, 821 Fed. App'x 390, 391 (5th Cir. 2020)).

value is speculative.[75] Additionally, Defendants argue that the Court may not exercise pendent jurisdiction, because pendent jurisdiction applies only where a court is exercising federal question jurisdiction.[76] Here, Defendants argue that the Court lacks federal question jurisdiction.[77]

Finally, Defendants argue that the Court should not award attorney's fees given Plaintiff's "inaction" in failing to move to remand.[78]

### III. Law and Analysis

Defendants seek a determination about whether this Court has subject matter jurisdiction over Plaintiff's claims.[79] Plaintiff opposes, arguing that this Court has diversity subject matter jurisdiction or may exercise pendent jurisdiction.[80] Plaintiff also seeks attorney's fees for improper removal.[81]

The Court must address the jurisdiction issue because a "party may neither consent to nor waive federal subject matter jurisdiction."[82] "[S]ubject matter delineations must be policed by the courts on their own initiative."[83] The Court must remand this case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[84]

---

[75] *Id.* at 2–3.

[76] *Id.* at 3.

[77] *Id.*

[78] *Id.*

[79] Rec. Doc. 32.

[80] Rec. Doc. 36.

[81] *Id.*

[82] *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

[83] *Gasch v. Hartford Accident & Idem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).

[84] 28 U.S.C. § 1447(c).

As an initial matter, the Court notes that *neither* party argues in favor of the original basis for subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338. Defendants filed the instant motion because they believe that Plaintiff's discovery responses indicate that no federal question or patent jurisdiction exists.[85] Plaintiff agrees that there is no federal question or patent jurisdiction.[86] In her opposition, Plaintiff states that she "did not, does not[,] and never sought to claim inventor status of the patent."[87]

Instead, Plaintiff urges the Court to exercise diversity jurisdiction.[88] The diversity statute, 28 U.S.C. § 1332, is satisfied upon a showing of (1) diversity between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs.[89] Plaintiff asserts that the parties are completely diverse.[90] The Court agrees. The Petition adequately alleges that the parties are completely diverse, because the Petition alleges that all of the Defendants are citizens of Louisiana, and Plaintiff is a citizen of Virginia.[91] Plaintiff also asserts that the amount in controversy is satisfied.[92] In support, Plaintiff avers that Defendants spent $181,725.02 investing

---

[85] Rec. Doc. 32.

[86] Rec. Doc. 36 at 2.

[87] *Id.*

[88] *Id.* at 3. Defendants did not remove on the basis of diversity jurisdiction, nor could they have. The forum-defendant rule bars a defendant that is a citizen of the state in which an action is brought from removing the action based on diversity jurisdiction. 28 U.S.C. § 1441(b). *See also In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 391 (5th Cir. 2009). Here, according to the Petition, all Defendants are citizens of Louisiana. Rec. Doc. 1-1 at 2. Thus, the forum-defendant rule barred Defendants from removing based on diversity jurisdiction.

[89] 28 U.S.C. § 1332.

[90] Rec. Doc. 36 at 3.

[91] Rec. Doc. 1-1 at 1–2. The citizenship of a trust is determined by the citizenship of the trustees. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 462–63 (1980). The petition asserts that the trustee of the Kelly Family Trusts is Kelly Jr., who is a citizen of Louisiana. Rec. Doc. 1-1 at 2.

[92] Rec. Doc. 36 at 2–3.

in the patent.[93] Plaintiff asserts that, because she seeks 50% ownership of the patent, the amount in controversy is half of that investment—or a total of $90,862.51.[94] The Court is not convinced that the amount in controversy is satisfied. Plaintiff offers no authority that the value of a patent is equal to the investment in the patent. Additionally, Plaintiff is not claiming any interest in the money spent to invest in the patent. Instead, Plaintiff is asserting claims for breach of contract, conversion of private information, unjust enrichment, and invasion of privacy.[95] Plaintiff provides no information about her damages or the revenue generated by the patent to support the amount in controversy requirement. Indeed, if Plaintiff has a 50% ownership interest in the patent, then Plaintiff would seem to be indebted to Defendants for half of the amount spent investing in the patent. However, Defendants are not asserting a counterclaim for reimbursement or contribution from Plaintiff. Therefore, it is not apparent from the face of the petition that the jurisdictional requirement is met.

Plaintiff also suggests the Court should exercise pendent jurisdiction.[96] Pendent jurisdiction allows a district court to exercise jurisdiction over state law claims once all claims over which the district court had original jurisdiction have been dismissed.[97] For the reasons discussed above, there are no claims in this suit over which the Court appears to have original jurisdiction. Therefore, the Court may not exercise pendent jurisdiction over Plaintiff's state law claims.

---

[93] *Id.*

[94] *Id.*

[95] Rec. Doc. 1-1.

[96] Rec. Doc. 36 at 5.

[97] 28 U.S.C. § 1367(c).

Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[98] Moreover, 28 U.S.C. § 1447(c) states: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded."[99] Additionally, given that a "party may neither consent to nor waive federal subject matter jurisdiction,"[100] this Court is bound to remand. Accordingly, the Court will remand this case to the Civil District Court for the Parish of Orleans.

Finally, Plaintiff seeks attorney's fees for improper removal.[101] When a district court remands a case, the court has the discretion to award attorneys' fees incurred as a result of removal to the non-removing party, but the court should decline to do so if the removing party had an "objectively reasonable basis for removal."[102] Here, although the Court finds that subject matter jurisdiction is lacking, Defendants had an "objectively reasonable basis" for seeking removal. Plaintiff's petition alleges that the "case arises from applications for a United States patent and an international patent."[103] Defendants reasonably believed that "[t]he issue of inventorship [was] substantial to Plaintiff's claims," and Plaintiff never sought to correct that belief by moving to remand.[104] Additionally, Defendants' prior counsel removed the case. Defendants' current counsel

---

[98] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

[99] 28 U.S.C. § 1447(c) (emphasis added).

[100] *Simon*, 193 F.3d at 850.

[101] Rec. Doc. 36 at 4–5.

[102] *Omega Hosp., L.L.C. v. La. Health Serv. & Indem. Co.,* 592 F. App'x 268, 270 (5th Cir. 2014).

[103] Rec. Doc. 1-1 at 1.

[104] Rec. Doc. 1 at 4.

enrolled on December 12, 2021, had doubts about the jurisdictional basis for removal, and promptly propounded discovery on Plaintiff just ten days later.[105] Defendants sought further clarity from Plaintiff and worked to "resolv[e] the jurisdictional question."[106] Moreover, Plaintiff states that "she is equally comfortable in this forum."[107] Plaintiff cannot now complain about improper removal and seek attorney's fees. Accordingly, the Court will exercise its discretion and deny Plaintiff's request for attorney's fees.

### IV. Conclusion

Accordingly, for the reasons discussed above,

**IT IS HEREBY ORDERED** that Defendants John James Kelly, III; John James Kelly, Jr.; Kelly Family Trusts; and Model Software Corp.'s "Motion for Determination of Subject Matter Jurisdiction"[108] is **GRANTED**. The Court finds that it lacks subject matter jurisdiction over Plaintiff's claims.

**IT IS FURTHER ORDERED** that the case is remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

**NEW ORLEANS, LOUISIANA**, this 28th day of February, 2022.

NANNETTE JOLIVETTE BROWN
**CHIEF JUDGE**
**UNITED STATES DISTRICT JUDGE**

---

[105] Rec. Doc. 32-1 at 2.

[106] *Id.* at 3.

[107] Rec. Doc. 36 at 2.

[108] Rec. Doc. 32.

14